WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avid Telecom LLC, et al., | No. CV-22-00558-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| David Frankel, et al., | |
| Defendants. | |

Before the Court is Plaintiff Avid Telecom's[1] "Motion for Reconsideration." Doc. 47. Avid asks the Court to "allow for reputational damages for false light invasion of privacy." *Id.* at 2. The Motion is fully briefed. Doc. 47 ("Motion"), Doc. 57 ("Response"), Doc. 62 ("Reply"). Avid has not met the standard for reconsideration under Local Rule of Civil Procedure 7.2(g)(1), so the Court must deny the Motion. Nevertheless, the Court is persuaded that its previous reasoning could limit Avid's claim for false-light damages, and thus clarifies its position that Arizona law does permit reputational damages for false-light invasion of privacy claims.

**I.   Background**

In January 2023, Avid Telecom filed its First Amended Complaint, asserting among others a claim for false-light invasion of privacy. Doc. 15 at 13–21. Defendant David Frankel[2] moved to dismiss. Doc. 22.

---

[1] Michael D. Lansky, L.L.C. dba Avid Telecom and Michael Lansky, individually. For convenience, the Court will use "Avid Telecom" or "Avid" to mean both Plaintiffs.
[2] Together with ZipDX LLC, whose sole member is Frankel. The Court will use "Frankel" in the singular to mean both Defendants.

On May 26, the Court dismissed without prejudice several claims, including the false-light invasion of privacy claim. Doc. 44. The Court reasoned the false-light pleading was deficient because it (1) alleged only reputational damages, not mental or emotional harm, and (2) did not allege Frankel's conduct was "highly offensive." *Id.* at 15–17.

Two weeks later, Avid filed the pending Motion for Reconsideration, Doc. 47, under Local Rule of Civil Procedure 7.2(g)(1), which requires a showing of (1) "manifest error," or (2) "new facts or legal authority that could not have been brought to the Court's attention earlier." LRCiv 7.2(g)(1). Avid seeks "reconsideration of the Court's ruling that damages for reputational harms are not recoverable for false-light invasion of privacy." Doc. 47 at 1. Avid asks the Court to allow reputational damages for false-light invasion of privacy claims. *Id.* at 2.

## II. Legal Standard

Local Rule of Civil Procedure 7.2(g)(1) provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.

Manifest error is "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (citing Black's Law Dictionary 622 (9th ed. 2009)).

In the absence of a "clear state court exposition of a controlling principle," district courts must use their "best judgment in predicting how a state's highest court would decide the case." *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980).

## III. Analysis

### A. The Court's May 26 reasoning does not rise to the level of "manifest error."

Avid's Motion does not identify which part of LRCiv. 7.2(g)(1) it asserts. The Court

concludes the Motion's basis is "manifest error" because Avid does not allege new facts or legal authority that could not have been brought to the Court's attention earlier.

The manifest error Avid seeks to establish is the Court's reasoning that "[u]nlike defamation, false light does not protect reputation or good name, but rather protects mental and emotional interests." Doc. 44 at 16 (quoting *Reynolds v. Reynolds*, 294 P.3d 151, 156 (Ariz. Ct. App. 2013)). Avid asserts that the Court's reasoning precludes reputational damages for false-light claims going forward. Doc. 47 at 1; Doc. 62 at 5. Avid is not necessarily wrong, but Arizona law on the issue is not clearly articulated. As discussed in more detail below, the case underlying the Court's *Reynolds* citation implies but does not explicitly endorse reputational damages for false-light claims. Avid's Motion is similarly based only in persuasive authority and somewhat ambiguous state-court reasoning. Because Arizona law in that respect is not clearly articulated, the Court was forced to use its "best judgment" to decide the issue. Avid's Motion thus responds to the Court's "best judgment" in the face of ambiguous law—hardly a "plain and indisputable" issue of "completely disregarded" controlling law. Therefore, the Court's reasoning does not rise to the level of "manifest error," and Avid's Motion fails for that reason.

**B. False light claims in Arizona may include reputational damages.**

Although the Court's reasoning does not rise to the level of manifest error, the Court will clarify its position to ensure Avid is not prejudiced going forward.

In its Motion, Avid argues that the *Reynolds* quote is dicta that conflicts with the Restatement (Second) of Torts §§ 652E, 652H, and subsequent Arizona district court orders. Doc. 47 at 2. Avid urges the Court to cure its misapprehension and endorse the Restatement and other district court orders. Avid's concern is that unless the Court modifies its reasoning, Avid cannot seek reputational damages for its alleged false-light injury. Although the Court acknowledges Avid's concerns, the Court disagrees its May 26 Order clearly would have limited such damages. For example, a renewed motion to dismiss (which Frankel recently filed at Doc. 66) could permit Avid to raise the arguments it now urges. However, caution is warranted.

On review, the Court agrees with Avid that reputational damages may flow from false-light invasion of privacy claims in Arizona. *See* Doc. 47 at 2; Doc. 62 at 1. In *Reynolds*, the court emphasized that false-light claims protect mental and emotional interests primarily to differentiate the false-light tort from defamation. 294 P.3d at 156 (citing *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989)). That does not necessarily preclude reputational damages. As *Godbehere* explained, a false-light claim allows claimants to recover "*even* in the absence of reputational damages," not *only* in the absence of reputational damages, or *excluding* reputational damages. 783 P.2d at 787 (emphasis added); *accord Longoria v. Kodiak Concepts LLC*, 527 F. Supp. 3d 1085, 1104–05 (D. Ariz. 2021). To preclude reputational damages from false-light claims entirely would be in tension with several authorities. *See Time, Inc. v. Hill*, 385 U.S. 374, 384 n. 9 (1967) ("In the 'right of privacy' cases the primary damage is the mental distress from having been exposed to public view, although injury to reputation may be an element bearing upon such damage."); *Godbehere*, 783 P.2d at 787; *Desert Palm Surgical Grp., P.L.C. v. Petta*, 343 P.3d 438, 450 (Ariz. Ct. App. 2015); *Longoria v. Kodiak Concepts LLC*, 527 F. Supp. 3d at 1104; Rst. 2d Torts §§ 652E, 652H. The Court therefore clarifies its May 26 Order to permit reputational damages to flow from Avid's false-light claim.

In his Response, Frankel argues that Arizona law precludes reputational damages for false-light claims outright. *See* Doc. 57. Frankel relies primarily on *Godbehere*. *Id.* (citing 783 P.2d at 787). Frankel's reliance is misplaced. The *Godbehere* Court recognized false-light invasion of privacy "as articulated by Restatement § 652E." *Id.* at 788. Comment f to section 652E—"*Damages*"—states "[o]n damages recoverable . . . see § 652H." Section 652H in turn states that a false-light claimant may recover "damages for the harm to his reputation." Rst. 2d Torts § 652H comment a. The *Godbehere* Court also highlighted "a good example of a false-light cause of action" case from the Seventh Circuit that could be read to distinguish false-light compensatory damages for financial and reputational losses, and false-light damages for emotional suffering. 783 P.2d at 787 n. 2; *see also Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1143 (7th Cir. 1985)). Given *Godbehere*'s at least

implicit endorsements of reputational damages flowing from false-light claims, Frankel's assertion that damages are necessarily precluded is unconvincing.

Frankel also relies on *Desert Palm*. Doc. 57 at 4. *Desert Palm* involved both a defamation and a false-light claim. 343 P.3d at 443. At one point, *Desert Palm* states that "once the jury found [defendant's] statements were defamatory or constituted a false light tort, it was within the jury's province to consider any actual damage to Plaintiffs' reputation and/or any emotional damage." *Desert Palm*, 343 P.3d at 450. Frankel relies on that statement (while omitting the first clause) to argue the statement's reference to reputational damages relates only to the defamation claim, while the reference to emotional damage relates only to the false-light claim. Doc. 57 at 4. *Desert Palm* is at least ambiguous. The use of "and/or" lends itself to different meanings. The *Desert Palm* quote could mean, as Frankel asserts, that defamation or false-light invasion permit reputational or emotional damage. It could also mean that defamation or false-light invasion permit reputational damages and emotional damages. Like *Godbehere*, *Desert Palm* appears to endorse reputational damages for false-light claims, or at least fails to preclude them explicitly.

Frankel rejects many of Avid's district-court cases by arguing they either misapplied good precedent or relied on bad precedent. *See* Doc. 57 at 3–5. As discussed above, no controlling state precedent clearly supports Frankel's position. The cited cases instead represent district courts using their "best judgment [to] predict[] how [Arizona]'s highest court would decide the case." Although Arizona's highest court has not expressly decided this issue, its *Godbehere* decision fairly implies that false-light damages may include harm to reputation. That is sufficient to persuade the Court to clarify its May 26 Order and bring its reasoning in line with the other district courts.

**IV.  Order**

For these reasons,

**IT IS ORDERED DENYING** Plaintiffs' Motion for Reconsideration (Doc. 47).

///

///

**IT IS FURTHER ORDERED CLARIFYING** the Court's May 26 Order (Doc. 44) consistent with the Court's reasoning above.

Dated this 8th day of August, 2023.

_John C. Hinderaker_
United States District Judge