**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avid Telecom LLC, et al., | No. CV-22-00558-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| David Frankel, et al., | |
| Defendants. | |

In this case, Plaintiff Avid Telecom[1] alleges Defendant David Frankel[2] defamed Avid to telecom business groups, the public, and to multiple states attorneys general. Doc. 49 ("SAC") at 7, 9–11. On June 9, 2023, Avid filed its second amended complaint, asserting six claims for relief. *Id.* at 13–24. On June 29, Frankel answered. Doc. 53.

Before the Court is Frankel's "Second Motion to Dismiss Case Under Arizona's Anti-SLAPP Statute A.R.S. § 12-751," filed August 8. Doc. 66 ("MTD"). Following Ninth Circuit guidance, the Court ordered a response under Rule 56. Doc. 69. Avid responded primarily under Rule 12. *See* Doc. 77. Frankel replied, disavowing a Rule 12 challenge. *See* Doc. 80 at 7. The Court ordered a sur-reply focusing Avid on Rule 56. Docs. 81. Avid complied, Doc. 84, and the Court heard oral argument on November 8, 2023. Doc. 98 ("Hr'g Tr.").

---

[1] Michael D. Lansky, L.L.C. dba Avid Telecom and Michael Lansky, individually. For convenience, the Court will use "Avid Telecom" or "Avid" to mean both Plaintiffs.
[2] Together with ZipDX LLC, whose sole member is Frankel. The Court will use "Frankel" in the singular to mean both Defendants.

## I.    Background

Avid Telecom is a common-carrier provider of long-distance telecommunications services. SAC ¶ 1. These services include transiting robocalls, which are pre-recorded messages delivered by computerized auto-dialer. *Id.* ¶ 11. Most robocalls are legal. *Id.* For example, calls delivered by computerized auto-dialer are legal if they are not pre-recorded, and vice versa. *Id.* ¶ 12. And pre-recorded messages delivered by computerized auto-dialer are legal if the caller is exempted by statute, such as political campaigns, or by the receiver's consent to these calls, such as pharmacy order updates. *Id.* ¶ 13.

Frankel is the highest-profile national advocate against illegal robocalling. SAC ¶ 46. Frankel developed a software system that purports to identify illegal robocalls and their source. MTD at 4. Frankel's software monitors thousands of telephone numbers Frankel purchased and placed on the National Do Not Call Registry. *Id.* The software interacts with any caller to these phone numbers while recording caller-ID information and the nature of the call. *Id.* Frankel markets this software as a way to identify suspect or illegal robocalls, and who is responsible for creating them. *See id.*

Avid alleges Frankel made false and misleading representations about Avid during a presentation to telecom industry leaders, and to the Ohio and Indiana attorneys general. SAC ¶¶ 48, 51. Specifically, Avid alleges Frankel showed a slide at a telecom industry summit essentially stating falsely that Avid was transiting illegal robocalls. *Id.* ¶¶ 51(a), 54. Avid also alleges Frankel falsely told telecom industry leaders that Avid was "the top offender" for illegal robocalls. *Id.* ¶¶ 51(b), 60. Avid also alleges Frankel made similar statements to at least the Ohio and Indiana attorneys general. *Id.* ¶¶ 40, 48, 63.

Avid alleges that, as a direct result of these statements, the Ohio and Indiana attorneys general issued onerous "Civil Investigative Demands" to Avid, two of Avid's customers withdrew their business, and one cancelled an anticipated contract. *Id.* ¶¶ 48, 118–19, 133–34, 152. Avid states six claims arising from these allegations: (1) defamation, (2) false light invasion of Avid principal Michael Lansky's privacy, (3–4) tortious interference with two business relationships, and (5–6) tortious interference with

prospective economic advantage from those relationships. *Id.* at 13–23.

Frankel moves to dismiss under A.R.S. § 12-751. MTD at 1. Section 12-751 concerns "strategic lawsuits against public participation" ("SLAPP"). *See* A.R.S. § 12-751 (2022). SLAPP suits seek to use the threat or cost of litigation to deter constitutional activity. Arizona's anti-SLAPP statute was substantially revised on September 24, 2022. *Compare* A.R.S. § 12-751 (2022), *with* A.R.S. §§ 12-751, 752 (2006). The extent of the revision is best illustrated visually. The Court provides the first four sections only:

Showing differences between versions effective April 28, 2006 to September 23, 2022 and September 24, 2022 [current]
Key: ~~deleted text~~  **added text**
**20** deletions · **32** additions

A.R.S. § 12-~~752~~ **751**
**Formerly cited as AZ ST § 12-752**

§ 12-~~752~~ **751** . Strategic ~~lawsuits~~ **actions** against public participation; motion to dismiss **or quash; definitions**

A. In any legal action that involves a ~~party's~~ **person's lawful** exercise of the right of petition, the ~~defending party may file a motion to dismiss the action under this section. When possible, the court shall give calendar preference to an action that is brought under this subsection and shall conduct an expedited hearing after the motion is filed with the court and notice of the motion has been served as provided by court rule~~ **right of speech, the freedom of the press, the right to freely associate or the right to peaceably assemble pursuant to the United States Constitution or Arizona constitution, the person other than a state actor or an intervenor may file a motion to dismiss or quash the action under this section**

B. A person who files a motion pursuant to subsection A of this section has the burden of establishing prima facie proof that the legal action was substantially motivated by a desire to deter, retaliate against or prevent the lawful exercise of a constitutional right. The moving person may submit evidence based on the record, a sworn affidavit or other evidence that is submitted with the motion to dismiss or quash. A party is not required to file a response to a motion filed pursuant to subsection A of this section unless and until the court finds that the moving party has established the prima facie proof and orders the party to file a response. The court shall grant the motion unless one of the following applies:

1. If the responding party is a state actor, the responding party shows that the legal action on which the motion is based is justified by clearly established law and that the responding party did not act in order to deter, prevent or retaliate against the moving party's exercise of constitutional rights. A state actor may satisfy the requirements of this paragraph by doing any of the following:

(a) Establishing that the person who initiated and conducted an investigation that resulted in the legal action and that made the decision to pursue the legal action was unaware of the movant's lawful exercise of the constitutional right.

(b) Establishing that the state actor has a consistent practice of pursuing similar legal actions against similarly situated persons who did not lawfully exercise constitutional rights.

(c) Producing any other evidence that the court finds sufficient.

2. If the responding party is not a state actor, the responding party shows that the legal action on which the motion is based is justified by existing law or supported by a reasonable argument for extending or modifying existing law.

~~B~~ **C** . ~~The court shall grant the motion unless the party against whom the motion is made shows that the moving party's exercise of the right of petition did not contain any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual compensable injury to the responding party~~ In making its determination, the court shall **conduct an evidentiary hearing or** consider the pleadings and supporting and opposing affidavits stating facts on which the liability **,** **defense** or ~~defense~~ **action** is based. ~~At the request of the moving party, the court shall make findings whether the lawsuit was brought to deter or prevent the moving party from exercising constitutional rights and is thereby brought for an improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the court finds that~~

- 3 -

~~the lawsuit was brought to deter or prevent the exercise of constitutional rights or otherwise brought for an improper purpose, the moving party is encouraged to pursue additional sanctions as provided by court rule.~~

~~C~~  **D**. The motion to dismiss **or quash** may be filed within ~~ninety~~ **sixty** days after the service of the complaint or **other document on which the motion is based or** , in the court's discretion, at any later time on terms that the court deems proper **, including a later time after there is actual notice of a party's misconduct. If the court finds that prima facie proof has been established as prescribed in subsection B of this section, the court, if possible, shall conduct an expedited hearing on the motion** .

**E. Unless a court rule specifically provides otherwise, all discovery proceedings in the action shall be stayed on a finding of prima facie proof as prescribed in subsection B of this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding this subsection, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.**

Westlaw, https://westlaw.com/ (search "A.R.S. § 12-751"; then choose "History," "Versions," "Add to compare," "§ 12-751 (Effective September 24, 2022)," "§ 12-752 (Effective April 28, 2006 to September 23, 2022)"; then "Compare"). These revisions have not yet been applied in state or federal court.

Several changes stand out. Section 12-751 (2006) no longer exists, replaced by the revised § 12-752 (2006), which was then renumbered § 12-751 (2022). Formerly, § 12-751 provided a statement of the legislature's purpose in enacting an anti-SLAPP framework and a statutory definition of the protected activity. *See* §§ 12-751(1), Sec. 2(A) (2006). The amendment also broadens the statute's protections beyond the "right to petition" (narrowly defined by § 12-751(1) (2006)). The amendment now extends to the "right to petition" in any context as well as the "right of speech, … the press, [and] … to freely associate or … peaceably assemble" (defined as "pursuant to the United States Constitution or Arizona constitution"). A.R.S. § 12-751(A) (2022).

The amendment also adds a dramatically different *ex parte* burden-shifting framework. The moving party's initial burden is an *ex parte* showing of "prima facie proof" that the action is "substantially motivated by a desire to deter, retaliate against or prevent the lawful exercise of a constitutional right." A.R.S. § 12-751(B) (2022). The statute does not define "prima facie proof" or explain how it differs from the more commonly used terms "prima facie evidence" or "prima facie showing." The nonmovant is not required to respond to a motion until the court finds "prima facie proof."

The Court has no occasion to interpret the changes to Arizona's statute because state anti-SLAPP statutes are treated differently in federal court.

- 4 -

## II.     Legal Standard

A federal court sitting in diversity jurisdiction applies federal procedural law and state substantive law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Given a direct conflict between federal procedural rules and state law, the federal rules govern in federal court. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (citations omitted). The Ninth Circuit interprets these precedents and others to permit some state anti-SLAPP defenses in federal court. *See, e.g.*, *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136 (9th Cir. 2022); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999).

The Ninth Circuit employs a two-step process to evaluate anti-SLAPP motions. First, the court determines whether the actions at issue involve an exercise of protected rights. *See, e.g.*, *Tennenbaum v. Arizona City Sanitary Dist.*, 799 F. Supp. 2d 1083, 1086 (D. Ariz. 2011) (interpreting A.R.S. § 12-752 (2006)). Second, the court analyzes whether the anti-SLAPP motion raises a legal or a factual challenge. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834–35 (9th Cir. 2018). When the anti-SLAPP motion "challenges the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* at 834. By contrast, when the anti-SLAPP motion "challenges the factual sufficiency of a claim, ... the Federal Rule of Civil Procedure 56 standard will apply." *Id.*

## III.    Analysis

### A. The Court declines to decide which parts of § 12-751 are compatible with Rule 56 because discovery is required in any event.

Frankel first argues the Court must still use aspects of Arizona's anti-SLAPP statute while applying a Rule 56 standard. MTD at 5–6. In Frankel's view, at least the burden-shifting and attorneys' fees aspects of Section 12-751 are compatible with the federal rules. *Id.* at 6 (citing *Gunn v. Drage*, 65 F.4th 1109, 1118 (9th Cir. 2023) (burden-shifting); *Planned Parenthood*, 890 F.3d at 833–34 (attorneys' fees)); Hr'g Tr. at 4:21–5:7. Frankel

asserts the Arizona statute is compatible with Rule 56 because both require nonmovants to "present sufficient evidence … to establish each element of their asserted claims." MTD at 6. That Rule 56 burden, says Frankel, is the same as § 12-751(B)(2), which requires nonmovants to "show that their lawsuit is justified by existing law." *Id.*

Frankel was previously skeptical about the Court's approach to Arizona's anti-SLAPP statute. *See* 5/17/23 Hearing Transcript at 35:8–37:22. The Court disagreed then that Arizona's legislature used "prima facie proof" to mean "prima facie evidence" because it would tend to ignore a potentially meaningful difference. Doc. 44 at 6 (citing *Nicaise v. Sundaram*, 432 P.3d 925, 927 (Ariz. 2019) ("A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous.") (citation omitted)). The Court also noted that Arizona's new anti-SLAPP statute is substantially different from others. *See id.* For example, California, Oregon, and Arizona's own former statute all define their terms and require briefing from both parties. *See* Cal. Civ. Proc. Code §§ 425.16(b)(2), (f); Or. Rev. Stat. Ann. § 31.150(3); A.R.S. § 12-752(A), (B) (2006). And some of Arizona's revisions appear to conflict with the federal rules. *Compare, e.g.*, A.R.S. § 12-751(E) (2022), *with Metabolife*, 264 F.3d at 846. The Court also found its ruling, based on Rules 12 and 56, likely would be the same under Arizona's statute. Doc. 44 at 7.

Here, it's déjà vu all over again. The Court continues to see the difference between "prima facie proof" and "prima facie evidence" as potentially meaningful. Frankel was unable to identify any Arizona cases for the proposition that they are synonymous. Hr'g Tr. at 6:20–21. The Court also found none. Arizona's new statute remains different in potentially meaningful ways from other states' anti-SLAPP statutes. Some of Arizona's revisions appear to conflict with the federal rules—not only the discovery stay but also the initial *ex parte* posture. And, again, the Court's ruling today under Rule 56(d) likely has the same result as a ruling under Arizona's statute. Even assuming Frankel could shift the burden to Avid to show its claims were "justified by existing law," the sufficiency of Avid's complaint is not at issue, Hr'g Tr. at 4:10–11, and Avid seeks discovery that appears

essential to defend its case. *See infra* § II.D. To decide differently would deprive Avid of the safeguards required by the Federal Rules of Civil Procedure.

**B. As a threshold matter only, Frankel's actions involved protected rights.**

The Court first determines that Frankel's actions were exercises of a protected right under Arizona's § 12-751. Section 12-751 provides:

> In any legal action that involves a person's lawful exercise of the right of petition, the right of speech, the freedom of the press, the right to freely associate or the right to peaceably assemble pursuant to the United States Constitution or Arizona constitution, the person other than a state actor or an intervenor may file a motion to dismiss or quash the action under this section.

A.R.S. § 12-751(A).

Frankel specifically invokes only the U.S. Constitution, alleging Avid's lawsuit is directed at Frankel's "relevant rights pursuant to the United States Constitution," including "at least his rights of speech and petition, and to freely assemble." MTD at 1, 7. The First Amendment in part prohibits Congress from "abridging the freedom of speech … or the right of the people to petition the Government for a redress of grievances." U.S. Const. amend. I. The right to free speech "on matters of public concern is at the heart of the First Amendment's protection." *Snyder v. Phelps*, 562 U.S. 443, 451 (2011) (citations and internal quotations omitted). Matters of public concern are those "fairly considered as relating to any matter of political, social, or other concern to the community[.]" *Id.* (citations omitted). Similarly, the right to freely petition the Government for a redress of grievances includes the right to solicit enforcement of the law. *See E. R. R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 137–38 (1961).

The Court finds—as a threshold matter only—this case involves "rights … pursuant to the United States Constitution." The parties agree Frankel is a leading advocate concerning illegal robocalling, and that illegal robocalling is a topic of nationwide importance. *See* SAC ¶¶ 18, 46; MTD at 3–5. The parties also agree Frankel's statements about Avid were made to gathered industry leaders and to law enforcement in a context related to illegal robocalling. *See* SAC ¶ 45; MTD at 7–9. That is sufficient to bring them within the Constitution's ambit for a threshold determination. Illegal robocalling is a matter

- 7 -

1    of social concern. And soliciting attorneys general to enforce the robocalling laws exercises

2    the right to petition. Frankel's actions were thus "pursuant to the United States

3    Constitution," and Arizona's anti-SLAPP statute is available to him.

**C. Frankel's anti-SLAPP Motion contains primarily a factual challenge, so the Court will analyze it under Rule 56.**

The Court construed Frankel's Motion under Rule 56 because it found that Frankel explicitly attacked only the factual sufficiency of Avid's complaint. Doc. 69 at 3 (citing MTD at 7 ("each claim fails under the Rule 56 standard …. [and] applying the Rule 56 standard … the Court should grant this Motion to Dismiss"), 14 ("the defamation claim is not justified by existing law as it fails under the Rule 56 standard"), 17 ("these claims do not survive a Rule 56 analysis")). When Avid replied primarily under Rule 12, Frankel responded that Avid's Rule 12 arguments were "irrelevant" because "Defendants do not raise legal challenges for Rule 12 analysis." Doc. 80 at 7. Frankel reiterated that "there are only factual challenges in the Motion." *Id.* (cleaned up) (citation omitted). And at oral argument, Frankel stated that the SAC survives scrutiny under Rule 12. Hr'g Tr. at 4:10–11. Thus, the Court will analyze Frankel's Motion under Rule 56 because it raises primarily factual challenges and because Frankel intended it only to raise factual challenges. *Cf. Gunn*, 65 F.4th at 1120 (citation omitted) ("The defendant determines which motions she files, not the plaintiff.").

If an anti-SLAPP motion challenges the factual sufficiency of a claim, "discovery must be allowed ... before any decision is made by the court." *Planned Parenthood*, 890 F.3d at 833. Courts must allow discovery because "[r]equiring a presentation of evidence without accompanying discovery would improperly transform … the anti-SLAPP [motion] into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure." *Id.* at 833–34. One of these safeguards is to require discovery when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Rule 56(d) provides "a device for litigants to avoid summary judgment when they

have not had sufficient time to develop affirmative evidence." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (citation omitted). A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." *Id.* (cleaned up) (citations omitted). "[T]he evidence sought must be more than the object of pure speculation." *Id.* (citation omitted). The party seeking more discovery under Rule 56(d) "must state what other specific evidence it hopes to discover and the relevance of that evidence to its claims. *Id.* (cleaned up) (citation omitted). "In particular, the requesting party must show that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.* (cleaned up) (citation omitted).

**D. Despite some shortcomings, the Court construes Avid's statements as a Rule 56(d) motion.**

Avid's Response and Sur-Reply are somewhat ambivalent regarding Rule 56(d). Avid's Response appears to seek more discovery. Avid states that the Court "must allow additional discovery on each issue" before considering summary judgment. *See* Doc. 77 at 17. The Response does not provide the facts it hoped further discovery would elicit. *See generally id.* Noting that and other shortcomings under Rule 56, the Court ordered a sur-reply. Doc. 81. Avid's Sur-Reply is less adamant about discovery than its Response. Avid states "[i]f *the Court* requires information regarding the technological basis for [Avid's] allegations, [Avid] respectfully request[s] the opportunity to depose Frankel … and his sole employee[.]" Doc. 84 at 6 n. 8 (emphasis added). Similarly, Avid seeks more discovery "to the extent that *the Court* believes that additional facts need to be developed to address open issues under Rule 56(d)[.]" *Id.* at 7 (emphasis added). But Avid also "believes it would be most appropriate that [Frankel's anti-SLAPP] Motion simply be dismissed in its entirety at this point[.]" *Id.* The Court appreciates that some of Avid's ambiguity is due to argument in the alternative. Avid seeks first to argue that its evidence demonstrates a genuine dispute, but alternatively to argue that Avid needs more discovery to demonstrate a genuine dispute.

At oral argument, Avid clarified that it was in fact moving for more discovery under

Rule 56(d). *See* Hr'g Tr. at 32:11–21. Avid acknowledged that it did not file a Rule 56(d) declaration in response to the second anti-SLAPP motion, emphasizing that it had done so previously. *See id.*; Doc. 35-1 at 89–91. Avid asked the Court to accept its previous declaration as if it were filed in response to the second anti-SLAPP motion. *See* Hr'g Tr. at 34:2–6, 34:22–35:4. As in its previous declaration, Avid specifically avows the need to depose Defendant Frankel and his associate Graves. *Compare id.*, *with* Doc. 35-1 at 90. Avid also avows the need to depose Rebecca Barkhuizen, who allegedly told Avid about the contents of the SOMOS call or the STIR/SHAKEN presentation, or both, as well as "one or two other depositions." *See* Hr'g Tr. at 34:22–35:4. Finally, Avid previously stated that "[f]urther evidence of [the connection between Frankel's statements to the attorneys general] will, as necessary, be adduced at the depositions of Mr. Frankel and representati[ves] of Ohio and Indiana." Doc. 77 at 16 n. 16. Avid could not say what discovery it would seek with respect to the attorneys general but said it had not abandoned that aspect of its complaint. Hr'g Tr. at 45:5–23. The Court agrees Avid's depositions are essential to oppose summary judgment. Many of Avid's claims revolve around what Frankel knew and said. Frankel's, Graves's, and Barkuizen's depositions will elicit facts bearing on Frankel's knowledge and statements. That knowledge could extend to Frankel's interactions with the state attorney generals. Further discovery is therefore warranted.[3]

Accordingly, the Court will construe Avid's statements as a Rule 56(d) motion and accept Avid's previously filed declaration, Doc. 35-1 at 89–91, for that purpose. So construed, the Court will grant Avid's Rule 56(d) motion and deny Frankel's motion to dismiss under Arizona's anti-SLAPP statute. Because the Court denies Frankel's motion, Frankel's request for attorneys' fees is denied. Avid's request for attorneys' fees is also denied—Avid has not shown that Frankel's motion was frivolous or intended solely to delay the proceedings. The Court notes in closing that Rule 11 attorneys' fees may become

---

[3] Fact discovery is nearly closed. Previously the deadline was December 15, 2023, and the Court extended the deadline by stipulation to January 31, 2024. That should give the parties ample time to finish up. The Court expects not to extend fact discovery again and will not absent extremely good cause.

relevant again at summary judgment. If, as Frankel has consistently urged, Avid's lawsuit turns out to have been improperly motivated or frivolous, an award of attorneys' fees could be appropriate. The Court will consider those issues when the evidence is in.

**IV.     Order**

Accordingly,

**IT IS ORDERED DENYING** Frankel's Motion to Dismiss (Doc. 66).

Dated this 28th day of November, 2023.

John C. Hinderaker
United States District Judge