**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avid Telecom LLC, et al., | No. CV-22-00558-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| David Frankel, et al., | |
| Defendants. | |

In this case, Plaintiff Avid Telecom[1] alleges Defendant David Frankel[2] defamed Avid to telecom business groups, the public, and to multiple states attorneys general. Doc. 49 at 7, 9–11. Before the Court is Avid's "Motion for Voluntary Dismissal" with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. *See* Doc. 109. Frankel does not oppose dismissal but seeks attorneys' fees as a condition of dismissal. Doc. 113 at 1. Avid's Motion is fully briefed. *See* Doc. 117. For the following reasons, the Court will grant Avid's Motion and declines to award costs and attorneys' fees.

**I.    Background**

Avid Telecom is a common-carrier provider of long-distance telecommunications services. Doc. 49 ¶ 1. Frankel is the highest-profile national advocate against illegal robocalling. Doc. 49 ¶ 46. Avid alleges Frankel made false and misleading representations about Avid during a presentation to telecom industry leaders, and to the Ohio and Indiana

---

[1] Michael D. Lansky, L.L.C. dba Avid Telecom and Michael Lansky, individually. For convenience, the Court will use "Avid Telecom" or "Avid" to mean both Plaintiffs.
[2] Together with ZipDX LLC, whose sole member is Frankel. The Court will use "Frankel" in the singular to mean both Defendants.

attorneys general. Doc. 49 ¶¶ 48, 51. Avid alleges that, as a direct result of these statements, the Ohio and Indiana attorneys general issued onerous "Civil Investigative Demands" to Avid, two of Avid's customers withdrew their business, and one cancelled an anticipated contract. *Id.* ¶¶ 48, 118–19, 133–34, 152. Avid states six claims arising from these allegations: (1) defamation, (2) false light invasion of Avid principal Michael Lansky's privacy, (3–4) tortious interference with two business relationships, and (5–6) tortious interference with prospective economic advantage from those relationships. *Id.* at 13–23.

In December 2022, Avid commenced this case, amending its complaint in January 2023. *See* Docs. 1, 18. In February, Frankel moved to dismiss under Arizona's anti-SLAPP statute. Doc. 22. Frankel alleged that Avid's case was brought primarily to chill Frankel's advocacy against illegal robocalling. *See generally id.* Following Ninth Circuit guidance for state anti-SLAPP motions in federal court, the Court reviewed Avid's complaint under Rule 12 and Rule 56 of the Federal Rules of Civil Procedure. Doc. 44. Most of Avid's complaint passed Rule 12, *see id.* at 8–21, and the Court noted multiple factual disputes requiring discovery under Rule 56(d). *Id.* at 21.

In May 2023, shortly before the Court decided Frankel's motion to dismiss, Frankel notified the Court of a new case involving Avid. Doc. 43. In that case, 49 state attorneys general brought 23 counts against Avid for violating anti-robocalling laws. *See* Doc. 31-1 at 86–121.

In June 2023, Avid filed its second amended complaint against Frankel. Doc. 49. In August, Frankel filed a second motion to dismiss under Arizona's anti-SLAPP statute. Doc. 66. This time, Frankel challenged only the factual sufficiency of Avid's complaint. *Id.* at 1. Briefing extended into October, and the Court again noted multiple factual disputes requiring discovery under Rule 56(d). *See* Docs. 77, 80, 84; Doc. 100 at 9–11. Discovery continued until the Court stayed the case pending resolution of Avid's motion for voluntary dismissal. *See* Doc. 112.

Avid seeks to dismiss this case because the state attorney general suit has put Avid out of business. *See* Doc. 109 at 2. That lawsuit resulted in widespread media coverage,

which in turn caused all Avid's customers to flee. *Id.* Faced with substantial losses and mounting fees, and finding no opportunity for settlement, Avid seeks to focus its remaining resources on its defense. *Id.* at 2–3. Without conceding the viability of its claims, Avid moves for dismissal with prejudice. *Id.* at 5.

Frankel asks the Court to award attorneys' fees for basically the same reasons he filed two anti-SLAPP motions: Frankel contends that Avid's lawsuit never had merit and was always intended to harass and silence him. *Compare, e.g.*, Doc. 113 at 3–5, *with* Doc. 22 at 11–14, *with* Doc. 66 at 7–17. Frankel reminds the Court that it previously said it would consider attorneys' fees if Avid's lawsuit turned out to have been improperly motivated or frivolous. Doc. 113 at 2 (citing Doc. 100 at 11).

## II. Legal Standard

"[A]n action may be dismissed at the plaintiff's request … by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023). In determining whether to award costs, courts may consider, among other factors, "(1) the defendant's effort and expense in preparing for trial, (2) any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) the fact that a summary judgment motion has been filed by the defendant." *Navajo Nation v. Peabody Coal Co.*, 2009 WL 806636, *8 (D. Ariz. 2009); *see also Santa Rosa Mem'l Hosp. v. Kent*, 688 F. App'x 492, 494 (9th Cir. 2017) (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. April 28, 2005). The merits of the plaintiff's case are also relevant. *Santa Rosa*, 688 F. App'x at 494 (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

In the Ninth Circuit, attorneys' fees typically are not imposed as a condition when the voluntary dismissal is with prejudice. *Woytenko v. Ochoa*, 2021 WL 763879, at *6 (D. Ariz. 2021) (collecting cases).

## III. Analysis

The only contested issue is whether to award Frankel costs and attorneys' fees. The

Court previously said it would consider attorneys' fees "when the evidence is in." Doc. 100 at 11. The evidence still is not in. Discovery is not complete, and no motion for summary judgment is pending. Instead, Frankel offers the same arguments and exhibits previously brought in two anti-SLAPP motions to dismiss. They did not persuade the Court previously, and they are not persuasive now. Whatever Frankel alleges—indeed whatever the truth of the matter may be—the Court cannot reach the factual merit of Avid's lawsuit now. As for its legal merit, the Court notes that Avid survived an ersatz motion for judgment on the pleadings, *see* Doc. 44 at 8, and Frankel specifically disavowed any legal challenge in his second anti-SLAPP motion. *See* Doc. 100 at 8. For those reasons, the Court rejects Frankel's now third effort to discredit Avid's motivation before summary judgment. Avid's case is not so obviously meritless as to weigh in favor of awarding attorneys' fees.

The other factors weigh decisively against awarding attorneys' fees. Frankel has incurred no effort or expense preparing for trial. Discovery is not complete, and most of last year was dedicated to motions practice. Avid has acted diligently in defending against and defeating two anti-SLAPP motions, and discovery has not progressed at an unusually slow pace considering the motions and issues involved. Avid's reason for dismissal makes sense. And Avid seeks dismissal with prejudice, thereby avoiding the possibility of legal prejudice to Frankel. After dismissal with prejudice, Frankel will be the prevailing party and may therefore move for costs other than attorneys' fees. *Woytenko*, 2021 WL 763879 at *7 (citing Fed. R. Civ. P. 54(d)(1)).

For these reasons, the Court will exercise its discretion to grant Avid's Motion for Voluntary Dismissal with prejudice and without conditioning it on an award of costs and attorneys' fees.

**IV. Order**

Accordingly,

**IT IS ORDERED GRANTING** Avid's Motion for Voluntary Dismissal (Doc. 109). This case is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED GRANTING** Avid's Motion to File Under Seal (Doc. 116). The Clerk of the Court shall file "Proposed Pages 5–6 of Reply" (lodged at Doc. 118) **UNDER SEAL**.

**IT IS FURTHER ORDERED GRANTING** Frankel's Motion to File Under Seal (Doc. 114). The Clerk of the Court shall file "Exhibit C" (lodged at Doc. 115) **UNDER SEAL**.

**IT IS FURTHER ORDERED DENYING AS MOOT** Avid's "Motion for Clarification" (Doc. 94).

Dated this 11th day of January, 2024.

John C. Hinderaker
United States District Judge